UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN GATES,

    Plaintiff,

    v.

L CHASE,
SHAWNA MORSON,
J KIENINGER,

    Defendants.

CAUSE NO. 3:18CV729-PPS/MGG

OPINION AND ORDER

Steven Gates, a *pro se* prisoner, filed a complaint alleging that Officer L. Chase used excessive force against him at the Miami Correctional Facility (Miami) on March 29, 2018. ECF 1. He further complains that two prison officials refused to address his subsequent prison grievance. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleadings standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

Gates is an inmate at Miami. Though the complaint is light on detail, Gates alleges that on March 24, 2018, Officer L. Chase injured him by slamming the cuff port[1] closed on his right hand. Gates alleges Officer Chase did this simply to hurt him. As a result, Gates received four stitches to his hand. Gates sues Officer Chase for money damages.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Again, though the complaint is quite bare-bones, Gates does claim Officer Chase closed his right hand in the cuff port maliciously to cause him harm. Giving him the inferences to which he is entitled at this stage in the proceedings, this is sufficient to state a claim against Officer Chase for use of excessive force in violation of the Eighth Amendment. Thus, Gates may proceed against him.

Following this incident, Gates filed a prison grievance. He complains that Officer Morson and Captain Kieninger refused to address the merits of that grievance. He sues

---

[1] A cuff port is a small opening in a prison cell door which an offender places his hands through to be handcuffed. This makes it possible to handcuff an offender without opening the cell door first. The cuff port on the cell door contains a flap that typically opens outward from the top down.

2

these two officials for not properly investigating his grievance. But, a prisoner has no due process rights with respect to the prison grievance procedures, and that an official ignores, mishandles, or denies a prisoner's grievances does not state a claim under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (citations omitted). Therefore, these allegations do not state a claim against either Morson or Kieninger.

Finally, Gates also sues Captain Kieninger as Officer Chase's supervisor. But there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, this allegation does not state a claim against Kieninger.

ACCORDINGLY:

(1) Plaintiff Steven Gates is GRANTED leave to proceed against defendant Officer L. Chase in his individual capacity for monetary damages for using excessive force against him on March 29, 2018, in violation of the Eighth Amendment;

(2) all other claims are DISMISSED;

(3) Officer Morson and Captain Kieninger are DISMISSED as defendants;

(4) the clerk and the United States Marshals Service are DIRECTED to issue and serve process on Officer L. Chase at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) Officer L. Chase is ORDERED to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 5, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT